IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FRANCISCO DERAS<br>*Plaintiff*, | § § § § § § § § § § § § | C.A. NO. 4:25-cv-00812<br><br>JURY TRIAL DEMANDED |
| v. | | |
| JOHNSON & JOHNSON SERVICES INC.<br>*Defendant*. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Francisco Deras ("Plaintiff" or "Deras"), and files this Original Complaint against Johnson & Johnson Services, Inc. ("Defendant" or "J &J") for the following causes of action. In support thereof, Plaintiff would respectfully show the following:

### I.   NATURE OF THE CASE

1. This is essentially an unpaid wages case brought under the Fair Labor Standards Act of 1938 ("FLSA") by Francisco Deras, a former employee of Johnson & Johnson. 29 U.S.C. §§ 206(a), 211(c).

### II.   PARTIES

2. Plaintiff Francisco Deras is an individual who is a citizen of the State of Texas who worked for Defendant in Keller, Texas, within the jurisdiction of this Court.

3. Defendant Johnson & Johnson Services, Inc. is a foreign corporation that may be served through the company's registered agent, C T Corporation System, located at 1999 Bryan St., Ste 900, Dallas, Texas 75201. Alternatively, if the registered agent of this Defendant cannot with

reasonable diligence be found at the company's registered office, Defendant may be served with process by serving the Texas Secretary of State.[1]

4.      An allegation that Defendant committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants, or employees committed such an act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of Defendant or was done in the normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, or employee.

### III.     JURISDICTION AND VENUE

5.      This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

6.      Venue is proper in this judicial district court 28 U.S.C. §1391(b), (c) and 42 U.S.C. §2000e-5(f)(3), because Defendant conducts business in the district, and a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in the Northern District of Texas, Fort Worth Division.

### IV.     STATEMENT OF FACTS

7.      Francisco Deras ("Deras") began working for Johnson & Johnson ("the Company") on or about December 27, 2004. His last position with Defendant was an Executive Sales Representative for Immunology and Dermatology.

8.      On or about June 2019, Deras reported to David Shacklett, District Manager, of the declining prescribing numbers appearing in the company's data system for a customer after being shown proof of not only steady but increasing usage of the drug by this client. Credit for these

---

[1] TEX. BUS. ORG. CODE §§ 5.251-5.254; *see also*, TEX. CIV. PRAC. & REM. CODE § 17.026.

sales should have gone to Plaintiff as earned wages (commissions).

9. The credits for the prescriptions were being improperly credited to another sales representative out of San Antonio, unbeknownst to Deras. In other words, another individual was being paid and/or given credit for Plaintiff's work performed.

10. Plaintiff's sales partner, Kendahle Banas, as well as Plaintiff, alerted the district manager on at least two occasions about this issue.

11. Deras was consistently told not to pursue an investigation into the discrepancy in his pay.

12. The District Manager later claimed to Plaintiff that the issue had been resolved and the commissions Plaintiff earned and was credited for within the company were no longer being credited to other (wrong) sales representatives.

13. Of course, due to the additional credits to his sales record, the San Antonio sales representative became one of the top performers in the region despite admitting that she was doing nothing different or special and had no idea why she was now a top achiever.

14. Notably, once Defendant removed Plaintiff's sales accreditation from the San Antonio sales representative's sales record, she immediately fell into the bottom 50% of performers.

15. As a result of willful ignorance and/or refusal to timely change Defendant's commission records to credit Plaintiff for the sales he completed, Deras lost out on wages, commissions, long-term incentive bonuses, accolades, and increased retirement funds payouts through Defendant's wage, benefits, bonus and/or commissions policy.

16. Further, after Deras' persistent complaints about these pay issues to Defendant, Defendant began to retaliate against Deras for his complaints through undue reprimands and ultimately, termination in or around March 2025.

17. In other words, Defendant retaliated against Plaintiff due to his complaints about his unpaid

wages, commissions, bonus money, retirement contributions, and more.

## V.     CAUSES OF ACTION

### A. Count One: Unpaid Commissions (Wages) under FLSA 29 U.S.C. § 206(a)

18.     Plaintiff adopts by reference all the facts set forth above, *see,* FED. R. CIV. P. 10(c).

19.     Plaintiff's commissions are payments for hours worked and must be included in the regular rate, *see,* 29 C.F.R. § 778.117.[2]

20.     During Plaintiff's employment with Defendant, he was a non-exempt W-2 employee and entitled to be paid for the wages and commissions earned through work performed.

21.     The Company failed to properly assign credit for sales made, resulting in Defendant failing to pay Plaintiff his full wages and/or commissions.

### B. Count Two: Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

22.     Plaintiff adopts by reference all the facts set forth above, *see,* FED. R. CIV. P. 10(c).

23.     The FLSA requires employers to make, keep, and preserve accurate records for the persons employed by them and of the wages, commissions, hours, and other conditions and practices of employment maintained by them. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

24.     The Company purchased and intentionally permanently deleted and/or revised employee records, including Plaintiff's, resulting in inaccurate tracking of credits used to remit payment in violation of 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

## VI.     JURY REQUEST

25.     Plaintiff requests a trial by jury.

---

[2] The "regular rate" under the Act is an hourly rate even though the employee may receive commission earnings, which are computed on other than an hourly basis. *Brennan v. Lauderdale Yacht Basin, Inc.,* 493 F.2d 188, 191 (5th Cir. 1974).

## VII.   PRAYER

For these reasons, Plaintiff prays that Defendant be cited to appear and answer herein and that this case be advanced for trial before a jury, and that on final hearing, this Court grant the following relief:

a) For actual damages;

b) For economic damages;

c) Back and front wages;

d) All Plaintiff's attorneys' fees paid for at their regular rate under the relevant fee shifting statute;

e) Related benefits resulting from the unfair practices of Defendant;

f) Liquidated damages;

g) For exemplary and/or punitive damages in the amount found by the trier of fact to punish and deter continuation of Defendant's unlawful employment practices;

h) Pre-judgment interest at the highest rate allowed by law;

i) Post-judgment interest at the highest rate allowed by law;

j) Costs of suit; and

k) For all other relief and sums to which this Court deems Plaintiff is justly entitled and/or deems proper.

Respectfully Submitted,

**SPACE CITY LAW FIRM**

*/s/ Bridget Davidson*

Bridget Davidson
*bdavidson@spacecitylaw.com*
TBN: 24096858
SPACE CITY LAW FIRM
440 Louisiana Street, Suite 1110
Houston, Texas 77002
Tel.: 713-568-5305
Fax: 713-583-1107

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 30th day of July 2025, I filed a true and correct copy of this document via the Court's CM/ECF system, which sends an automatic notice to all parties of record. I further certify that I shall serve a true and correct copy of this document through FedEx with a Waiver of Service and subsequently with the Summons through a certified process server if not Waiver returned.

_BDavidson_
Bridget Davidson