# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| **FRANCISCO DERAS,**<br>*Plaintiff,*<br><br>v.<br><br>**JOHNSON & JOHNSON SERVICES, INC.,**<br>*Defendant.* | §<br>§<br>§<br>§<br>§   **C.A. NO. 4:25-cv-00812-P**<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S MOTION TO REOPEN CASE

COMES NOW Plaintiff Francisco Deras ("Plaintiff" or "Deras") and files this Motion to Reopen this case. In support thereof, Plaintiff would respectfully show the following:

### I.     RELEVANT PROCEDURAL & FACTUAL HISTORY

Plaintiff filed this action on July 30, 2025. *See,* Doc. 1. Though the undersigned counsel is generally aware of the requirement in Local Rule 83.10(a) that out-of-district attorneys must designate local counsel, she has not memorized the Rule or the deadline to comply with the Rule and is used to seeing the pdf-versions of the Orders filed by the Northern District Courts with the reminder of this additional requirement instead of a note on the CM/ECF email. Plaintiff's counsel, like any diligent attorney, tries to comply with every court order, including the Northern District Courts' standard and standing Order(s) for attorneys to obtain local counsel, if they are required to (per their address). She also relies on the Southern District of Texas Courts to remind her when to file the Joint

Discovery Case Management Plans before the Initial Scheduling Conferences. Moreover, the undersigned filed one to two other cases in the Northern District in the 30-days near this Complaint and had an Order specifically related to the local counsel requirement that also helped her to remember. As such, the deadline for hiring local counsel and asking them to file their Notice(s) of Appearance in this specific case was inadvertently not calendared by the undersigned, resulting in an unintentional failure to meet the deadline.

Then, on August 14, 2025, the Court dismissed this case without prejudice pursuant to Federal Rules of Civil Procedure 41(b) for failure to comply with Local Rule 83.10(a). *See*, Doc. 6. Upon seeing this Order, Plaintiff was once again reminded of this Northern-District-specific deadline and immediately retained local counsel, Jay Forester of the law firm FORESTER HAYNIE, whose Notice of Appearance is included with filing of this Motion as Exhibit A.

## II. ARGUMENTS AND AUTHORITIES

### A. STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b)(1) permits relief from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Fifth Circuit considers the following four factors when evaluating excusable neglect: 1) the danger of prejudice to nonmovant; 2) the length of the delay and its potential impact on proceedings; 3) the reason for the delay, including whether it was within the movant's control; and 4) whether the movant acted in good faith. *See*, *Pioneer Inv. Svcs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395-97, 113 S. Ct. 1489, 1493 (1993).

B. PLAINTIFF SATISFIES THE RULE 60(B)(1) STANDARD BECAUSE THE FAILURE TO DESIGNATE LOCAL COUNSEL WAS INADVERTENT, TIMELY CORRECTED, AND DOES NOT PREJUDICE DEFENDANT

Plaintiff's failure to timely designate local counsel under Local Rule 83.10(a) was an inadvertent oversight by Plaintiff's counsel, promptly attempted to be corrected, and causes no prejudice to Defendant. Specifically, Plaintiff hired local counsel immediately and is including local counsel's Notice of Appearance with this Motion. Each factor for excusable neglect under Rule 60(b)(1) weighs in favor of reopening.

For one, Defendant will not be prejudiced because neither discovery nor other substantive proceedings have occurred, the lawsuit was very recently filed. Reopening the case will not impair any defenses or impose additional burdens on Defendant. The brief delay does not materially affect the interest of justice. Moreover, the dismissal occurred today, the same day as this Motion (on August 14, 2025), and Plaintiff acted immediately upon seeing the Court's Order and Final Judgment to retain local counsel and correct the issue. The Notice of Appearance and engagement agreement with local counsel are attached as Exhibit A. The short period between dismissal and filing minimizes any potential disruption to the Court or the parties.

Furthermore, the reason for the delay was inadvertent. The missed deadline arose from a failure to see the Court's reminder of the local counsel requirement (and deadline) in the Docket Text of Document 2 and a subsequent calendaring oversight during a three-week period in which undersigned counsel filed multiple matters in the Northern District. This particular case's local counsel deadline was inadvertently not entered into the calendar. The undersigned files a handful of Northern District cases every year and this

one local counsel deadline slipped through the cracks. Thus, the mistake was not deliberate or in bad faith but an isolated error.

Additionally, as recognized in *Pioneer Inv. Servs. Co.*, Rule 60(b)(1) relief is appropriate to prevent clients from suffering unduly for their attorneys' honest mistakes. Reopening the case avoids the unnecessary burden and additional expense of refiling another complaint, which would require even more filing fees and administrative costs, particularly given that local counsel has already been retained and is ready to proceed. Here, reopening is the most efficient and equitable course for all parties.

Accordingly, all factors under Rule 60(b)(1) and Fifth Circuit precedent support reopening this case, allowing Plaintiff to proceed with designated local counsel and ensuring the dispute is resolved on the merits rather than on a technical error.

### III.   CONCLUSION AND PRAYER

Due to the foregoing, Plaintiff hereby respectfully requests that the Court grant this Motion, reopen this action, and permit the filing of the attached Notice of Appearance of Local Counsel.

        Respectfully Submitted,

        **SPACE CITY LAW FIRM**

        */s/ Bridget Davidson*

        Bridget Davidson
        *bdavidson@spacecitylaw.com*
        TBN: 24096858
        SPACE CITY LAW FIRM
        440 Louisiana Street, Suite 1110
        Houston, Texas 77002
        Tel.: 713-568-5305
        Fax: 713-583-1107

        **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

    I certify that I attempted to confer with counsel for Defendant regarding the relief set forth in this Motion by both phone and email on August 14, 2025 and did not receive a response. Due to the severity of this issue, I filed this as soon as I saw the Order and Final Judgment come through to preserve my client's right to a fair and speedy trial without needing to refile his claims. I will amend this Certificate of Conferenced to reflect Defendant's opposition or non-opposition.

_____
Bridget Davidson

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of this document was served on all parties and counsel of record on Aug. 14, 2025.

_____
Bridget Davidson