UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**FRANCISCO DERAS,**

   **Plaintiff,**

v.                                      No. 4:25-cv-0812-P

**JOHNSON & JOHNSON SERVICES, INC.,**

   **Defendant.**

# ORDER

Before the Court is Plaintiff's Second Motion to Reopen the case. ECF No. 7. In Plaintiff's Motion, Plaintiff reiterates its prior position and cites *Campbell v. Wilkinson*, 988 F.3d 798 (5th Cir. 2021).

However, Plaintiff's counsel wholly misrepresents[1] what *Campbell* stands for. In *Campbell*, the Court dismissed the case without prejudice for failure to comply with the local rule requirement. Rather than notifying the Court and giving it the opportunity to reopen the case because its dismissal without prejudice would serve as one with prejudice (which the Court would have done), the attorneys chose to appeal the dismissal to the Fifth Circuit. It was on appeal that the plaintiff raised its with prejudice argument for the first time. In response to that newly raised argument, the Fifth Circuit held that a dismissal without prejudice which serves as one with prejudice amounts to a death penalty (or litigation ending) sanction. The Fifth Circuit then held that issuing a death penalty sanction for failing to comply with the local rules was "demonstrably unwarranted." A proposition the Court

---

[1]The Court questions whether such a patent misrepresentation of a case is sanctionable conduct. But when given the choice of attributing something to mistake or malice the Court prefers to attribute things to mistake. And it will do so here.

agrees with. That is why, in an effort to avoid the same unfortunate circumstances, and to protect the rights of the parties in its cases, the Court added language to its dismissal orders inviting parties to tell the Court if the dismissal without prejudice would serve as one with prejudice.

Here, Plaintiff has not argued that their case is time barred and that the dismissal without prejudice would amount to one with prejudice. Thus, as previously stated, this Court finds this case analogous to *Jones v. Meridian Sec. Ins. Co.*, No. 23-10148, 2023 WL 6518145, at *5 (5th Cir. 2023) (affirming the Court's dismissal of a case without prejudice for failure to obtain local counsel).[2] Thus, Plaintiff's Motion is **DENIED**, and again, he is free to refile his case.

**SO ORDERED** on this **19th day of August 2025.**

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

---

[2]As Judge Ho so artfully stated in an opinion issued this same day: "the rule of law requires us to enforce the rules all the same. If we don't require attorneys to be diligent, the entire system slows down. . . . We honor those interests—and the rule of law—by enforcing the rules consistently, even when the result seems unjust." *Jenkins v. Tahmahkera*, No. 24-10724 at 16 (5th Cir. August 19, 2025) (Ho, J., concurring).